IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br>v.<br><br>LAUREL HEALTH CARE COMPANY, ATHENS LTC, INC., CIENA HEALTHCARE MANAGEMENT, INC., AND CIENA GROUP, LLC,<br><br>    Defendants. | CIVIL ACTION NO. 2:23-cv-03159<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended (Title VII), the Age Discrimination in Employment Act of 1967, as amended (ADEA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on age, sex, and retaliation and provide appropriate relief to Charging Party Bruce Doughty.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217.

2. The alleged unlawful employment practices have been committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division, and within counties served by the United States District Court in Columbus.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the Commission or EEOC), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and the ADEA.

4. At all relevant times, Defendant Laurel Health Care Company, a Delaware corporation, has continuously been doing business in Athens, Ohio, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Laurel Health Care Company has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h) and Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

6. At all relevant times, Defendant Athens LTC, Inc., an Ohio corporation, has continuously been doing business in Athens, Ohio, and has continuously had at least 20 employees.

7. At all relevant times, Defendant Athens LTC, Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h) and Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

8. At all relevant times, Defendant Ciena Healthcare Management, Inc., a Michigan corporation, has continuously been doing business in Athens, Ohio, and has continuously had at least 20 employees.

9. At all relevant times, Defendant Ciena Healthcare Management, Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h) and Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

10. At all relevant times, Defendant Ciena Group, LLC, a Michigan corporation, has continuously been doing business in Athens, Ohio, and has continuously had at least 20 employees.

11. At all relevant times, Defendant Ciena Group, LLC has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h) and Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

ADMINISTRATIVE PROCEDURES

12. More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging violations of Title VII and the ADEA by The Laurels of Athens, which conducts business under the names Laurel Health Care Company, Athens LTC, Inc., Ciena Healthcare Management, Inc., and Ciena Group, LLC.

13. On August 27, 2021, the Commission issued Defendants a Letter of Determination finding reasonable cause to believe that Title VII and the ADEA were violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

14. On September 20, 2021, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

16. Charging Party worked at a care facility complex in Athens, Ohio that is known as The Laurels of Athens (hereinafter "The Laurels of Athens").

17. The Laurels of Athens offers long-term and short-term rehabilitation services to patients, including physical therapy services.

18. Before Charging Party began working at The Laurels of Athens, he applied to work there in a management-level position but was not hired for that position.

19. Management at The Laurels of Athens hired Charging Party to work in a physical therapy assistant position at its facility located in Athens, Ohio.

20. Charging Party worked at The Laurels of Athens in a physical therapy assistant position beginning in December 2011.

21. At or about the time Charging Party was hired to work at The Laurels of Athens, the Laurels of Athens was owned, operated, and/or managed by Defendants Laurel Health Care Company and Athens LTC, Inc.

22. At all relevant times, Defendant Laurel Health Care Company exercised sufficient control over persons working at The Laurels of Athens such that it was an employer of such persons and/or was an integrated enterprise with an entity that was an employer of such persons.

23. At all relevant times, Defendant Athens LTC, Inc. exercised sufficient control over persons working at The Laurels of Athens such that it was an employer of such persons and/or was an integrated enterprise with an entity that was an employer of such persons.

24. Beginning in approximately 2016, Defendant Ciena Healthcare Management, Inc. exercised sufficient control over persons working at The Laurels of Athens such that it was an employer of such persons and/or was an integrated enterprise with an entity that was an employer of such persons.

25. Beginning in approximately 2016, Defendant Ciena Group, LLC exercised sufficient control over persons working at The Laurels of Athens facility such that it was an employer of such persons and/or was an integrated enterprise with an entity that was an employer of such persons.

26. Defendant Ciena Healthcare Management, Inc. entered into a management contract through which it managed The Laurels of Athens facility where Charging Party worked.

27. Defendants own, operate, and/or manage nursing and rehabilitation facilities throughout the United States, including The Laurels of Athens facility where Charging Party worked.

28. Defendants share common ownership or shareholder(s) identity, operators, and managers and have shared interests in the ownership, operation, and management of The Laurels of Athens facility where Charging Party worked.

29. Defendant Ciena Group, LLC's website provides links to the webpages for Defendant Ciena Healthcare Management, Inc., and Defendant Laurel Health Care Company.

30. Upon following the link Laurel Health Care Company's website, web visitors are taken to Defendant Ciena Healthcare Management, Inc.'s website which displays a screen

stating, "One vision. One mission. One brand. One team. #WeAreCiena," and explains the integration between Defendants.

31. The Ciena Healthcare and Ciena Group websites identify The Laurels of Athens as one of their locations.

32. Defendant Athens LTC, Inc. conducts business as The Laurels of Athens.

33. Charging Party is a person protected from discrimination by the Age Discrimination in Employment Act (ADEA) because, at all relevant times, he has been over the age of 40.

34. Charging Party was qualified for the physical therapy position that he held while he worked at The Laurels of Athens.

35. When Charging Party worked at The Laurels of Athens, he was subjected to ageist names or referred to using derogatory terms based on his age and sex, including unwelcome and offensive language likening him to an old male, including "old man," "Papaw," "Gramps," and "Pap."  On at least one occasion, The Laurels of Athens personnel said that Charging Party was so old that he belonged in a bed with the patients.  Management knew or should have known about the unwelcome and offensive conduct but did not take effective steps to stop it and prevent it from recurring.

36. Charging Party opposed the age-based derogatory treatment and reported the insults to persons holding management positions or authority at The Laurels of Athens.

37. Charging Party engaged in protected activity by opposing the age-based insults and other behavior described above.

38. Charging Party was subjected to retaliation because he engaged in protected activity.

39. Charging Party gave the Administrator at The Laurels of Athens a doctor's note dated March 20, 2020, and the note said that Charging Party should take a period of medical leave from March 20, 2020 through April 6, 2020.

40. Charging Party's request for leave described in Paragraph 39 was approved, and he was required to use accrued paid leave to continue his pay through the leave period.

41. As of March 2020, Charging Party was 59 years old, and he was a few months away from his 60th birthday.

42. While Charging Party was on leave in March and April of 2020, the residents at The Laurels of Athens continued to receive therapy.

43. After taking leave, Charging Party spoke to the Administrator at The Laurels of Athens, Shaun Gentner, and asked to return to work.

44. When Charging Party said he could return to work, his hours had been filled by other physical therapy assistants.

45. When Charging Party said he could return to work, he was told there were no work hours for him to work at the time.

46. When Charging Party spoke to Gentner and asked to return to work, Gentner said that a female had been working his hours and the company wanted to retain her in that capacity instead of allowing Charging Party to return to work.

47. The Laurels of Athens submitted to the Cleveland Field Office of the U.S. EEOC a Position Statement dated December 18, 2020, signed by its attorney who was identified in the Position Statement as Lauren E. Sanders.

48. Before the Position Statement described in Paragraph 47 was submitted to the Cleveland Field Office of the U.S. EEOC, The Laurels of Athens, by and through a person or

persons with the authority to do so, read the letter and took steps to ensure that it did not omit material facts.

49. Before the Position Statement described in Paragraph 47 was submitted to the Cleveland Field Office of the U.S. EEOC, The Laurels of Athens, by and through a person or persons with the authority to do so, read the letter and took steps to ensure that it did not contain incorrect statements.

50. Lauren E. Sanders was authorized by The Laurels of Athens to submit the Position Statement described in Paragraph 47 to the Cleveland Field Office of the U.S. EEOC.

51. The Position Statement described in Paragraph 47 states that two weeks after taking leave "Charging Party called Mr. Gentner and asked to return to work[]" and that "Mr. Gentner informed Charging Party that there were no hours for him to work at the time."

52. The statements described in Paragraph 51 are true statements.

53. The Position Statement described in Paragraph 47 states that Charging Party was separated because "there was no work available for anyone."

54. Charging Party was not separated because there was no work available for anyone.

55. The Position Statement described in Paragraph 47 does not state or allege that Charging Party told Shaun Gentner or anyone else that he did not want to return to work at The Laurels of Athens.

56. After March 20, 2020, there were opportunities available at The Laurels of Athens for persons to work as a physical therapy assistant or to perform work in that role or category.

57. After March 20, 2020, The Laurels of Athens offered to at least one person the opportunity to work as a physical therapy assistant or to perform work in that role or category.

58. After March 20, 2020, The Laurels of Athens did not offer to Charging Party the opportunity to work as a physical therapy assistant or to perform work in that role or category.

59. After March 20, 2020, Charging Party was not scheduled to work any hours at The Laurels of Athens.

60. Charging Party was not laid off for lack of work.

61. Even if Charging Party were laid off for lack of work, The Laurels of Athens offered to at least one person the opportunity to work as a physical therapy assistant or to perform work in that role or category after the alleged layoff, and The Laurels of Athens asserted pretextual reasons for why Charging Party was not also offered that opportunity.

62. In August and/or September 2020, The Laurels of Athens recalled, rehired, or hired at least three persons who the company alleges were laid off in May of 2020.

63. On August 4, 2020, The Laurels of Athens received by email the Charge of Discrimination that Charging Party filed concerning his employment at The Laurels of Athens.

64. Between August 4, 2020 and the present, The Laurels of Athens has issued notices or job postings showing that opportunities have been available for persons to work for the company as a physical therapy assistant or to perform work in that role or category.

65. After August 4, 2020, Charging Party applied to work at The Laurels of Athens in a physical therapy assistant position or to perform work in that role or category.

66. Between August 4, 2020 and the present, The Laurels of Athens has not contacted Charging Party or offered him an opportunity to work as a physical therapy assistant or to perform work in that role or category.

## COUNT ONE – ADEA

67. EEOC realleges as if fully set forth herein the assertions made above.

9

68. At all relevant times, Charging Party belonged to a protected class (over age 40) as defined by the ADEA.

69. At all relevant times, Charging Party was qualified to work as a physical therapy assistant or to perform work in that role or category at The Laurels of Athens.

70. Defendants and each Defendant violated the ADEA by subjecting Charging Party to age discrimination including but not limited to subjecting him to disparate treatment; denying him permission to return to work from approved leave; denying him scheduled shifts, work hours, or pay opportunities; discharging him; denying him recall or rehire; and failing to hire him.

71. Charging Party engaged in protected activity (opposition and participation), as described above.

72. Defendants and each Defendant retaliated against Charging Party because he engaged in protected activity, including but not limited to subjecting him to disparate treatment; denying him permission to return to work from approved leave; denying him scheduled shifts, work hours, or pay opportunities; discharging him; denying him recall or rehire; failing to hire him; and taking other materially adverse action against him.

73. The effect of the practices described above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect his status as an employee because of his age and/or protected activity.

74. The reasons asserted for the action taken against Charging Party are pretextual.

75. The unlawful employment practices described above were intentional.

76. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Charging Party.

77. As a result of the violations described above, Charging Party was deprived of wages, employment benefits, and other harm that is compensable pursuant to the ADEA.

## COUNT TWO – TITLE VII

78. EEOC realleges as if fully set forth herein the assertions made above.

79. At all relevant times, Charging Party belonged to a protected class (male) as defined by Title VII.

80. At all relevant times, Charging Party was qualified to work as a physical therapy assistant or to perform work in that role or category at The Laurels of Athens.

81. Defendants and each Defendant violated Title VII by subjecting Charging Party to sex discrimination including but not limited to subjecting him to disparate treatment; denying him permission to return to work from approved leave; denying him scheduled shifts, work hours, or pay opportunities; discharging him; denying him recall or rehire; and failing to hire him.

82. Charging Party engaged in protected activity (opposition and participation) as described above.

83. Defendants and each Defendant retaliated against Charging Party because he engaged in protected activity, including but not limited to subjecting him to disparate treatment; denying him permission to return to work from approved leave; denying him scheduled shifts, work hours, or pay opportunities; discharging him; denying him recall or rehire; failing to hire him; and taking other materially adverse action against him.

84. The effect of the practices described above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect his status as an employee because of sex and/or protected activity.

85. The reasons Defendants have asserted for their conduct is pretextual.

86. The unlawful employment practices described above were intentional.

87. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Charging Party.

88. As a result of the violations described above, Charging Party was deprived of wages, employment benefits, and other harm that is compensable pursuant to Title VII.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants and each Defendant, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants and each Defendant from discriminating against persons on the basis of their age and/or sex and from retaliating against persons who engage in protected activity under the ADEA and Title VII.

B. Order Defendants and each Defendant to promulgate and carry out policies, practices, and programs which provide equal employment opportunities to persons protected by the ADEA and Title VII. including policies designed to prevent and remedy discrimination and retaliation, and that eradicate the effects of its past and present unlawful employment practices, including discrimination and retaliation.

C. Order Defendants and each Defendant to make whole Charging Party by providing to him appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

  D. Order Defendants and each Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above in amounts to be determined at trial.

  E. Order Defendants and each Defendant to make whole Charging Party by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial.

  F. Order Defendants and each Defendant to pay punitive damages for their malicious and reckless conduct, as described above, in amounts to be determined at trial.

  G. Order Defendants and each Defendant to pay liquidated damages, in amounts to be determined at trial.

  H. Grant such further relief as the court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Washington, D.C.

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

s/Debra M. Lawrence
DEBRA M. LAWRENCE
Regional Attorney

s/Kate Northrup
KATE NORTHRUP
Assistant Regional Attorney

s/Sabrina L. Brown
SABRINA BROWN, Bar No. 0096700
Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Cleveland Field Office
1240 E. 9th St., Suite 3001
Cleveland, Ohio 44199
Sabrina.Brown@eeoc.gov
Phone: (216) 306-1116
Fax: (216) 522-7395